IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JASMIN K. WHITE,
     Plaintiff,

v.                            Case No. 3:13cv532/MCR/EMT

SACRED HEART HEALTH
SYSTEM, INC.,
     Defendant.
_____/

## REPORT and RECOMMENDATION

Before the court are Defendant's Motions for Rule 11 Sanctions, ECF Nos. 202, 202-1, 202-2; Plaintiff's Response and related filings Nos. 211-213; and Defendants' Reply, No. 217.  The court heard oral argument on the motions on August 30, 2016. After full consideration of the parties' pleadings and the law on the issue, and with the benefit of oral argument, it is the court's recommendation that the motions be denied.

Notwithstanding the voluminous pleadings generated by the parties, this matter is quite simple.  Plaintiff filed a complaint, ECF No. 1, to which Defendant responded with a Motion to Dismiss, or in the Alternative, Motion for More Definite Statement and Motion to Strike, ECF No. 8.  Defendant filed a timely Memorandum in Opposition to the Motion to Dismiss, ECF No. 12.[1]

---

[1] On the same date, Defendant filed (but did not serve in accordance with the safe harbor requirement) its first Motion for Rule 11 Sanctions.

The complaint contained three Counts brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981: (1) Sexual Harassment, (2) Wrongful Termination based on Race, and (3) Retaliation (Termination) based on Plaintiff's complaints of sexual harassment.  In its motion to dismiss, Defendant contended that Plaintiff failed to state a cause of action on any of the three Counts; that Defendant failed to allege a prima facie case of sexual harassment or retaliation in Counts 1 and 3; and that Defendant had a legitimate, non-discriminatory reason for Plaintiff's termination as to Counts 2 and 3.  Defendant then contended that Plaintiff's counsel was not properly qualified to be admitted to practice in this court because he is a member of the Georgia Bar, yet lives in Florida and is not a member of the Florida Bar.  Defendant went on to argue that much of the language in Plaintiff's complaint was immaterial and irrelevant and should be stricken.

Without discussing the merits the District Judge granted the motion for more definite statement, with Plaintiff allowed to file an amended complaint, and the motions to dismiss and to strike were held to be moot. The court also noted that Plaintiff's counsel was admitted to practice in this court.  ECF No. 26.

Plaintiff's Amended Complaint, ECF No. 31, was not materially different from the original.  In turn, Defendant's Motion to Dismiss, etc., was not materially different

from its original, but omitted the claim that Plaintiff's counsel was not admitted to the bar of this Court.[2]  Nevertheless, the District Judge reviewed the pleadings in detail, and held that Count 1, sexual harassment, failed to state a cause of action; that Count 2, wrongful termination based on race, successfully stated a cause of action; and that Count 3, retaliation, failed to state a cause of action under Title VII but did state a cause of action under § 1981.  Defendant now asks the court to sanction Plaintiff's counsel for not withdrawing the counts and/or causes of action ultimately dismissed but the District Judge.

Federal Rule of Civil Procedure 11 provides, in part, that an attorney (or *pro se* party), who files a pleading, "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law" and that "the factual contentions have evidentiary support."

In support of its motions, Defendant set out the standard to be applied:

A legal claim is frivolous if <u>no</u> reasonably competent attorney (or pro se party) could conclude that it has <u>any</u> "reasonable chance of success" or is a reasonable argument to change existing law.  *World Primates* [*Inc.*

---

[2]A week after filing its renewed Motion to Dismiss, etc., Defendant served, but did not file, its second Motion for Rule 11 Sanctions, ECF No. 202-2.

*v. McGreal*], 87 F.3d [1252] at 1254 [(11th Cir. 1996)].   A factual claim is frivolous if <u>no</u> reasonably competent attorney (or as here *pro se* party) (sic) could conclude it has a reasonable evidentiary basis.  *Davis v. Carl*, 906 F.2d 533, 535-37 (11th Cir. 1990) (emphasis added).

ECF No. 202-2 at 4.

This is a very high bar.  In *Worldwide Primates,* cited by Defendant, counsel filed a tortious interference claim after a client showed him two documents that on their face appeared to meet the tort requirement of such a claim but not the necessary damages part.  The Court affirmed the imposition of sanctions because counsel "never conducted any independent inquiry into whether Worldwide had been damaged" by the documents and "apparently had no idea how he intended to prove the elements of his claim."  *Worldwide Primates*, 87 F.3d at 1254.  Importlantly, the entire lawsuit, not just one or more counts, was held to be frivolous.

In *Davis v. Carl*, *supra,* also cited by Defendant, dissatisfied public school teachers sued the  local School Board for wrongfully transferring them to a different school, but at the evidentiary hearing the Court found the claims to be groundless and sanctioned counsel  for  bringing  a  factually   unsupported claim.   On  appeal,  the Eleventh Circuit reversed. In its discussion of sanctions, the Court noted that in a previous decision, *Collins v. Walden*, 834 F.2d 961 (11th Cir. 1987), it approved sanctions where the evidence for the entire case was patently frivolous.  There, a party

claimed that two lawyers and a judge's secretary had conspired to deprive him of a fair recusal hearing, and that when that claim was dismissed, the party tried again, this time alleging a different group of conspirators.  The *Davis* Court concluded that "[a]s we see it, Rule 11 is intended to deter claims that have *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment."  906 F.2d at 538 (emphasis in original).

There are literally hundreds of appellate court cases addressing Rule 11 sanctions, but the court has not found one, nor has Plaintiff presented one, in which simple failure to state a cause of action is, in and of itself, a basis for a Rule 11 sanction.  Were that the case, the hundreds would become thousands.

In this case, Plaintiff's counsel tried to state four causes of action based on sexual and racial discrimination.  Counsel apparently failed to understand that the standards of pleading and proof in Title VII cases and § 1983 cases are not the same, so two of his four claims were dismissed under Rule 12(b)(6).  Plaintiff's amended complaint was confusing at best, and failed on two of its claimed grounds, but at least at the motion to dismiss level, it succeeded on two others.  Under the circumstances of this case, the court cannot say that NO other reasonable lawyer would have framed

his pleadings the way Plaintiff's counsel did.[3]

Upon due consideration, it is respectfully **RECOMMENDED** that Defendant's

Motions for Rule 11 Sanctions, ECF Nos. 202, 202-1 and 202-2 be **DENIED**.

---

[3]

This case raises troublesome possibilities.  What happened here - serving a motion for sanctions with every Rule 12(b)(6) motion - may be becoming the norm.  Defendant's counsel said at oral argument that he does it in nearly every case in which he files a Rule 12(b)(6) motion.  That may be appropriate in many cases, but it may be snake that comes back for a second bite.  For example, Defendant's attack on two of Plaintiff's causes of action was unsuccessful.  Cannot it be said that Defendant's attack on those two causes of action was therefore unsupported by the law and facts, and under Defendant's view, frivolous and sanctionable?  Defendant's counsel effectively accused Plaintiff's counsel of practicing law without a license, which is a felony in Florida.  The District Judge dismissed this allegation in a footnote, noting that Plaintiff's counsel was, in fact, admitted to practice in this court.  Under Defendant's reasoning, shouldn't that accusation be sanctionable, given that a check with the Clerk of Court would have shown what the District Judge held?  Taking the matter one step further, in each of its motions to dismiss, Defendant alleged that, as to Counts 2 and 3, it had a legitimate, non-discriminatory reason for Plaintiff's termination.  An attack on a pleading is limited to the four corners of the pleading being attacked.  *Hildebrandi v. Board of Trustees*, 607 F.2d 705, 710 (1979). A claim of non-discriminatory reasons for discharge is a factual matter outside the complaint and the amended complaint, and should be raised as an affirmative defense, not in a motion to dismiss.  Could Defendant's counsel be sanctioned for injecting this arguably frivolous statement into the record where it did not belong?  Perhaps and perhaps not, but there seems to be no end to this.  And in each of these suggested possibilities, Plaintiff's counsel might serve a Rule 11 motion, Defendant's counsel would have to consider it and respond in some way, and ultimately a great deal of time, costly to the parties and burdensome to the court, would be spent swatting at flies.  Frivolous means frivolous.  It does not automatically mean you're wrong and I'm right.

At Pensacola, Florida, this 14th day of September, 2016.


/S/ Miles Davis
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**